WING–PIU CHAN, Relator,

v.

PAGODA, INC., Respondent,

and

Commissioner of Economic Security, Respondent.

No. C3–83–1271.

Court of Appeals of Minnesota.

Jan. 11, 1984.

Wing-Piu Chan, pro se.

Pagoda, Inc., pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Economic Sec.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

The relator was the chief cook at Pagoda, Inc., a Chinese restaurant. A friend of the relator worked as a junior cook. Late in 1982, business became slow at the restaurant. The management decided in September to reduce the junior cook's hours.

The relator informed Pagoda that, if the junior cook was laid off, he would not work beyond November 30, 1982. Subsequently, in November, the junior cook refused to work reduced hours and was laid off. The management urged the relator to reconsider, but he still refused. Relying on the relator's word, Pagoda found a new cook and refused to allow the relator to return to his job.

A department claims deputy determined that the relator voluntarily quit his job and was disqualified. An appeals tribunal reversed, finding that the relator was involuntarily terminated. A commissioner's representative vacated the appeals tribunal's decision and remanded because of an

incomplete record. A new appeals tribunal met and found that the relator had voluntarily quit. The decision was affirmed by the commissioner's representative. The relator now appeals.

 The question of whether a termination is voluntary or involuntary is determined, "not by the immediate cause or motive for the act but by whether the employee directly or indirectly exercised a free-will choice and control as to the performance or non-performance of the act." *Anson v. Fischer Amusement Corp.,* 254 Minn. 93, 98, 93 N.W.2d 815, 819 (1958). In this case, the relator told his employer he was quitting and refused to reconsider. The relator exercised his free-will choice to leave his employment. Laying off the junior cook did not give the relator good cause to terminate his employment. It was a reasonable business decision in light of the downturn in Pagoda's business. That the relator may have been joking or reconsidered later is of no account. If an employee says he will quit, the employer, as a business person, has every right to believe the employee and hire a replacement. The relator voluntarily quit and is, therefore, disqualified from unemployment benefits.

Affirmed.